254 P.2d 1020

CHADWICK v. LARSEN et al.

No. 5623.

Supreme Court of Arizona.

March 23, 1953.

James Elliott Dunseath, of Tucson, for appellant.

Clifford R. McFall and Wilbert E. Dolph, Jr., of Tucson, for appellee.

STANFORD, Chief Justice.

This is an appeal by Paul J. Chadwick, plaintiff below and hereinafter referred to as appellant, from a judgment for defendant, Andy A. Larsen, hereinafter referred to as appellee, and from the denial of his motion for a new trial. The action was tried to the lower court without a jury.

Appellant's complaint alleged that he had entered into an oral contract with appellee for certain construction work on a section of highway on the Tucson-Ajo Highway; that he had agreed to do certain work at a certain unit price set forth in his complaint, and that appellee had promised to pay him such unit prices upon completion of his performance under the contract; that he had completed his performance under the contract and that upon multiplying the amount of work done by the unit prices agreed upon, the contract price for said work was $37,014.30; that appellee had paid him the sum of $29,882.25 and no more; that appellee was and is indebted to him in the sum of $7,132.05 under the terms of said contract, and that demand had been made upon appellee for said sum, and praying for judgment in the aforementioned sum of $7,132.05.

Defendant by his answer denies the oral contract claimed by the plaintiff, admits that the plaintiff performed the work as claimed, and alleges the contract under which such work was performed to be that appellee employed appellant at a salary of $125 per week and, if the total cost of the work was less than the aggregate of the sum arrived at on the unit prices mentioned in the complaint, the appellee would pay the defendant as additional compensation the difference between such total cost and such aggregate sums. The answer further alleges that the total cost was greatly in excess of said aggregate sums and therefore plaintiff is not entitled to recover.

The evidence shows that appellant was employed by appellee prior to May 5, 1950 as a bookkeeper, and that on said date appellee was awarded a contract by the Arizona State Highway Department to construct some 20 miles of highway in the southern part of Arizona. Thereafter, according to the testimony of appellant, he submitted a bid to appellee for the concrete work involved in the job. Appellant further testified that appellee accepted this bid and offered to finance the plaintiff in carrying out his subcontract and to relieve him of the necessity of providing a bond.

It is undisputed that appellee furnished all material for the work done, carried the workmen working under appellant on appellee's payroll, and gave appellant a check for $125 per week, less deductions for withholding and social security taxes during the period appellant was on this job.

Appellant testified that he was forced by appellee to use a crane furnished by the latter in pouring the concrete, even though it had been agreed between the parties that if the crane proved unsatisfactory it would be discontinued. Appellant contends that the rental on such crane was an excessive charge against the job.

There was considerable evidence furnished on behalf of appellant by experts as to the most efficient manner of doing the job of pouring the concrete boxes and cattleguards.

After appellant had rested his case, the appellee moved for judgment on the ground that appellant had failed to prove his case. This motion was granted by the trial court, and later the judgment was amended by the lower court on motion of appellee to provide dismissal of appellant's complaint with prejudice.

Appellant has set forth three assignments of error which we will consider separately.

Under the first assignment, appellant states that the lower court erred in granting appellee's motion to dismiss for the reason that such a motion is in the nature of a nonsuit or demurrer to the evidence, and the trial court must not weigh the evidence but must give appellant's evidence all the value to which it is legally entitled, including every legitimate inference which may be drawn therefrom, and must completely disregard all conflicting evidence.

Appellant cites the following cases as authority for the above proposition: Singleton v. Singleton, 68 Cal.App.2d 681, 157 P.2d 886; Chenoweth v. Hoey, 135 Md. 97, 108 A. 478; Taylor v. United Broadcasting Co., D.C.Mun.App., 61 A.2d 480.

Appellee made his motion to dismiss under Section 21–916, A.C.A.1939, which is Rule 41(b) of Federal Rules Procedure. That section reads as follows:

"21–916. Involuntary dismissal—Effect thereof.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

In the case of Barr v. Equitable Life Assur. Soc. of United States, 149 F.2d 634, the Ninth Circuit Court was confronted with the question of what the duty of the trial court was when ruling on a motion to dismiss under Rule 41(b). That court held:

"(2) The trial proceeded to the conclusion of the plaintiff's evidence, from which the trial judge could have inferred that the plaintiff had not maintained her burden of proof. The court adjudged that she take nothing and dismissed the suit.

"We agree that there is evidence warranting the inferences of fact supporting the judgment. We assume there is testimony from which a contrary inference may be drawn. The claimed error remaining for our consideration is whether, under federal procedure, the district court had the power finally to adjudicate the case on the merits at the conclusion of the taking of the evidence offered by the plaintiff.

"This court in Young v. United States, 9 Cir., 111 F.2d 823, 825, held that Federal Rules of Civil Procedure 41(b), 28 U.S.C.A. following section 723c, determines the procedural place at which the court in a jury waived case may decide upon the evidence offered on the issues raised by the pleadings. * * *

"To us the rule embodies sound common sense. It would be absurd to waste the court's time and to impose upon the parties, both waste of their time and that of their counsel and

witnesses, together with the unnecessary expense, in offering the defendant's evidence which, with reasonably efficient advocacy, would do not more than enlarge the record."

The Sixth and Seventh Circuit Courts have likewise ruled that the trial court has the power under Rule 41(b) to weigh the evidence when considering a motion to dismiss at the close of plaintiff's case. Bach v. Friden Calculating Mach. Co., Inc., 6 Cir., 1945, 148 F.2d 407; Allred v. Sasser, 7 Cir., 1948, 170 F.2d 233; U. S. v. United States Gypsum Co., D.C.D.C.1946, 67 F.Supp. 397.

In Moore's Federal Practice, Second Edition, Vol. 5, the author discusses the Federal Courts' rulings on the Rule under consideration, and we quote from page 1044 thereof:

"The Sixth, Seventh and Ninth Circuits, on the other hand, held that the question was not whether there was sufficient proof to carry the case to the jury, where there was no jury, but that the court itself, being the trier of the facts, had a right to apply its own judgment to the plaintiff's evidence, and even though there was some conflict in the plaintiff's case, or even if there were two possible inferences to be drawn from the plaintiff's case, the court, as trier of the facts, might apply its own judgment and grant or deny the motion accordingly.

The position of the Third and Fourth Circuits was based on the theory that the defendant's motion raised a question of law only. But this disregarded the wording of Rule 41(b) that the grounds of the motion were that upon the *facts* and the law the plaintiff has shown no right to relief." (Emphasis supplied)

◼ We hold that the lower court was proper in considering and weighing the evidence presented by the appellant before ruling upon appellee's motion to dismiss. We further hold that portion of Drane v. Avery, 72 Ariz. 100, 231 P.2d 444, 447, which is inconsistent with this ruling is hereby disapproved, viz: " * * * Such a motion for judgment was made during the progress of the trial and is comparable to a motion for a directed verdict made during the progress of a jury trial. * * "

Appellant's second assignment of error is that the court erred "for the reason that the only issue before the trial court was the proper cost of the work involved" and that plaintiff was entitled to recover either on his pleadings as a subcontractor or under the contract alleged in defendant's answer.

It is contended under this assignment that the only issue before the trial court was the proper cost of the work involved and that the trial court was not entitled to find that the total cost of such work was greater

than the aggregate sums arrived at on the basis of said unit prices.

The evidence clearly shows that the appellee furnished all the machinery, materials and labor used on the job that the appellant allegedly contracted to do. Furthermore, appellant accepted weekly checks in the amount of $125, less deductions for withholding tax and social security, from the appellee. Appellant made no monthly reports or payments to the Tax Commission as required of a contractor. All bookkeeping was done by appellee's employees, and appellant did not have access to the books. Appellant took orders from appellee in the operation of the crane, and used said crane on the entire job, though he strenuously objected to its use. Such evidence refutes the allegation that there existed a contract between appellant and appellee.

The evidence fully warranted the court in finding at the close of plaintiff's case that the plaintiff did not prove the contract alleged in its complaint and even if the court considered the issue concerning the contract of employment as alleged in defendant's answer, it might well have found from the evidence that the plaintiff did not prove the total cost of the work was in such amount as would warrant a recovery by the plaintiff. Under these circumstances it is unnecessary for us to say whether or not under some circumstances a plaintiff may be allowed to recover upon an issue raised in the answer if the evidence so warranted.

There is nothing in the third assignment of error that is not covered by the disposition of assignments Nos. I and II.

We, therefore, hold that the lower court properly granted the appellee's motion to dismiss the action.

Judgment affirmed.

PHELPS, LA PRADE, UDALL and WINDES, JJ., concur.