259 P.2d 558

**MORGAN v. BRUCE.**

No. 5735.

Supreme Court of Arizona.

July 13, 1953.

Rehearing Denied Sept. 22, 1953.

122

James Elliott Dunseath, of Tucson, for appellant.

Judge & Gordon, of Tucson, for appellee.

WINDES, Justice.

George W. Morgan, appellant herein, filed suit for declaratory judgment against Frank H. Snodgrass, Dusty Bruce (former wife of Snodgrass), and the Southern Arizona Bank and Trust Company seeking a declaration of the rights of the parties to a certain fund held by the bank. The bank claims no interest therein, Snodgrass defaulted, and the dispute in this court concerns the respective rights of Morgan and Bruce. At the close of plaintiff's evidence, the court on motion of Bruce rendered judgment dismissing the complaint and declaring Bruce entitled to the funds. Morgan appeals. The parties will be referred to as plaintiff and defendant respectively.

The essential undisputed facts, as taken largely from appellee's brief, are that in 1948 Morgan entered the used car business under the name of Morgan Auto Sales. Cars were financed by the bank, and in the process the bank retained some moneys belonging to the plaintiff to secure it against losses in the event of failure of car purchasers to pay for cars financed by the bank. These are the funds, the right to which is in dispute. About the middle of 1949, Snodgrass came into the picture under an arrangement with Morgan, whereby he (Snodgrass) was to have a drawing account and the parties were to split the profits, if any. He made no capital investment in the business. The fund accrued prior to November 3, 1949. Frank H. Snodgrass and Dusty Bruce were married in July, 1950, and have since been divorced. On December 19, 1950, the business being in failing condition with outstanding debts in the approximate amount of $4,000, Morgan as-

signed to Snodgrass this fund in consideration of the latter's agreement to pay these outstanding bills. Snodgrass left the business and it ceased operation; he paid none of the bills and Morgan is now paying thereon. Bruce and Snodgrass at the time of the assignment were husband and wife. On January 4, 1951, Snodgrass assigned the fund to Bruce, his then wife, she claiming the consideration therefor was to pay a prior indebtedness Snodgrass owed her for separate funds theretofore loaned him. The evidence is in conflict as to whether Bruce at the time of the assignment to her knew the conditions under which the original assignment was made, she claiming to have been informed by Snodgrass that it was made to him in payment of a debt owing him by Morgan and that she knew nothing of any possible equities between Morgan and Snodgrass.

The foregoing is somewhat confusing, but simply stated the picture is that a husband, with some working arrangement in a failing business in which he made no capital investment, acquired by assignment from the owner of the business a fund in consideration of his promise to pay the accrued debts of the business; and thereafter he transferred the fund thus acquired to his wife, allegedly in payment of a debt which the husband owed the wife for a loan made from her separate funds.

There is also some confusion concerning the issues framed by the pleadings. The defendant Bruce filed an answer setting up the original assignment and the assignment to her, and asking a declaratory judgment adjudging her to be owner of the fund, together with a counterclaim to the same effect. Plaintiff replied to the counterclaim, alleging the agreement of Snodgrass to pay the debts in consideration of the original assignment and his failure so to do. After trial the court permitted plaintiff to file an amended reply to the counterclaim, alleging fraud on the part of Snodgrass and defendant Bruce and that the transaction between them was a community transaction. In deciding the case, the court concluded it was an error to permit plaintiff to file the amended reply to the counterclaim and decided the matter on the issues framed by the complaint and the answer thereto. From the record, it appears that the trial court was of the opinion that defendant Bruce was an innocent purchaser for value, and that as against her plaintiff could not take advantage of the equities between himself and Snodgrass arising out of his failure to perform by paying Morgan's debts as agreed.

Plaintiff's first assignment of error is that the court could not weigh conflicting evidence in rendering judgment at the close of plaintiff's case. This matter has recently been decided adversely to plaintiff in the case of Chadwick v. Larsen, 75 Ariz. 207, 254 P.2d 1020, and further reference thereto is unnecessary.

It is claimed the court erred in rendering judgment for the defendant Bruce for the reason that the undisputed facts and the law require a judgment in favor of the plaintiff. This calls for an analysis of the relative legal rights as between plaintiff Morgan and defendant Bruce resulting from the assignment to Snodgrass and his subsequent assignment to his wife. Bruce's rights are virtually controlled under the present fact situation by whether the assignment to Snodgrass was a community transaction which would result in any property rights gained thereunder being community property and the necessary corresponding result in the obligations of Snodgrass to pay the business debts becoming community obligations. Defendant argues that Snodgrass' interest in the business was acquired prior to his marriage and that he was therefore dealing with his separate property; that the business at that time was bankrupt and there was no commingling of separate and community property. In this argument defendant is shooting a blank. The true situation is that Snodgrass was purchasing from Morgan the fund and agreeing to pay therefor by paying Morgan's business debts. By this transaction, he was acquiring from Morgan the latter's property. In the absence of a showing to the contrary, presumably such an acquisition during coverture is community property. Benson v. Hunter, 23 Ariz. 132, 202 P. 233. For this to be separate property which Snodgrass purchased, it must appear that it was purchased or was to be paid for with his separate funds. If the money, which was to be used by Snodgrass to pay Morgan's debts, were separate property, there would be some basis for the contention that the funds thus to be acquired by Snodgrass under the assignment were his separate property. The facts in this respect show that the business was bankrupt and he had nothing with which to meet these obligations. The only possible conclusion is that the source of meeting them was through his earnings, which would of necessity be community funds. If he expected to rehabilitate the business and pay the obligations from the future profits thereof, they still would necessarily be community earnings. The rule is that when a husband is engaged in business, even though the capital thereof is his separate property, the profits therefrom are either community or separate depending on whether they result from individual effort or the inherent qualities of the business. Lawson v. Ridgeway, 72 Ariz. 253, 233 P.2d 459; Rundle v. Winters, 38 Ariz. 239, 298 P. 929. How the inherent qualities of a bankrupt business could be the cause of future profits is difficult to imagine. We are satisfied that the transaction whereby plaintiff made the assignment to Snodgrass was for the benefit of the community and the obligations thereunder were community obligations. Any obligation incurred during coverture is presumed to be a community debt and one asserting to the con-

trary must prove his contention. McFadden v. Watson, 51 Ariz. 110, 74 P.2d 1181.

We are thus presented with the problem of determining the rights of defendant Bruce under the assignment from her husband. The husband has exclusive control and is the agent of the community in the management of the community personalty, La Tourette v. La Tourette, 15 Ariz. 200, 137 P.2d 426; and independent of the wishes of the wife (in the absence of fraud upon her) he can subject the community property to the payment of community debts. Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175; First Nat. Bank of Mesa v. Reeves, 27 Ariz. 508, 234 P. 556. So far as her community property interests are concerned, she is bound by his transactions. Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641. In such transactions the husband for such purpose is not only agent for the community but he is agent for his wife. Atkins v. Dodds, Tex.Civ.App., 121 S.W.2d 1010; cf. Loveland v. Ingle, Tex.Civ.App., 230 S.W. 1054. When the husband is the agent of the wife, she is charged with and has notice of all matters of which the husband has notice. 26 Am.Jur., Husband and Wife, Section 230, Page 840; 41 C.J.S., Husband and Wife, § 512, p. 1091. Thus Bruce, when she accepted the assignment, did so with notice of her husband's obligation to pay the Morgan debts according to the terms of the first assignment. Under these circumstances, she cannot have the

status of an innocent purchaser for value and cannot take the property thus acquired from Snodgrass freed from his obligations. She cannot repudiate the transaction which was made for her benefit as a member of the community. She is in no better position in this lawsuit than Snodgrass. Their rights in this dispute are identical. No court would permit Snodgrass to repudiate the deal and consequently his former wife, the appellee herein, cannot do so.

Unquestionably Morgan has suffered a failure of consideration in not receiving that for which he bargained. The trial court and the defendant labor under the theory that his only remedy is a suit for damages against Snodgrass for his failure to perform and that he has no right to ask for a return of what he gave and for which he received nothing. With this we cannot agree. The correct rule is that a contract fully executed by one party in consideration of a promise of performance by the other is not invalid for want of consideration but may be rescinded for total nonperformance on the ground of total failure of consideration, and under such circumstances the party is entitled to what he parted with. Volume 3, Williston on Contracts, Revised Edition, Section 814; Volume 5, Corbin on Contracts, Section 1108.

Assuming the court, because of the confusion in the pleadings, decided the matter on the issues raised by the complaint

126

and the answer, the plaintiff was, on the issues thus raised, entitled to and did prove a total failure of consideration. The defendant Bruce in her answer set up the two assignments as a basis for a declaratory judgment in her favor. The plaintiff, without any responsive pleading thereto (in fact, none is allowed under the rules), could by evidence attack the validity of the defendant's claim based on such assignments. Rules 7(a) and 12(b), Rules Civ.Proc., Sections 21–401 and 21–429, Cum.Supp. A.C.A.1939; In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497. He did this by proving total failure of consideration which was a legitimate issue in the case. It having arisen in a suit for declaratory judgment rather than a civil suit of another nature is of no consequence. Issues of fact in declaratory suits are tried in the same manner as in any other civil suit. Section 27–705, A.C.A.1939.

We are satisfied that under the undisputed facts the plaintiff is entitled to a return of his consideration, especially when the one seeking to retain it does not propose to meet the obligations essential to a retention thereof.

There is no necessity of considering other assignments of error. Judgment is reversed with instructions to enter judgment for the plaintiff.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.