575 P.2d 1262

**Thomas SCHILLING, Appellant,**

v.

**James A. EMBREE and Toni A. Embree, husband and wife, and O'Rielly Motor Company, Garnishee, Appellees.**

**No. 2 CA–CIV 2568.**

Court of Appeals of Arizona, Division 2.

Dec. 29, 1977.

Rehearing Denied Feb. 8, 1978.

Review Denied March 7, 1978.

---

McDonald & Nash by William F. Mc-Donald, Jr., Tucson, for appellant.

Edward B. Truman, Tucson, for appellees Embree.

## OPINION

RICHMOND, Judge.

This is an appeal from an order denying appellant's motion to quash a writ of garnishment served on his employer after judgment based on his post-marital separate tort liability. The question to be resolved is: What is the scope of the "other liabilities of a spouse" for which community property is liable under A.R.S. § 25–

215(B)?[1] Specifically, is it limited to premarital liabilities?

Appellees commenced an action for assault and battery against appellant and his wife. The case was tried to the court, which entered judgment in favor of appellant's wife but against him in the sum of $1,274 compensatory damages and $500 punitive damages. A writ of garnishment was served on his employer, O'Rielly Motor Company, which answered that it was indebted to appellant in the sum of $174.73 subject to garnishment. Appellant's motion to quash the writ was denied by minute entry order on January 14, 1977, and judgment against the garnishee was entered January 18, 1977. A written order denying appellant's motion to quash was not entered, however, until April 14, 1977.

At the outset, appellees contend that the appeal should be dismissed for lack of jurisdiction because it was not perfected within 60 days of either the denial of appellant's motion on January 14 or the judgment of garnishment entered January 18. 16 A.R.S., Rules of Civil Procedure, Rule 73(b). Notice of appeal from the January 14 order was filed on March 1, but no cost bond was filed until April 13, 1977. An amended notice of appeal from the written order entered April 14 was filed on April 18, 1977.

An order refusing to dissolve a garnishment is appealable. A.R.S. § 12–2101(F)(3). Like other judgments, as defined in 16 A.R.S., Rules of Civil Procedure, Rule 54(a), it must be in writing and signed by a judge or court commissioner duly authorized to do so. 16 A.R.S., Rules of Civil Procedure, Rule 58(a). Appellant's time for appeal thus did not commence until April 14, 1977, and his appeal was perfected within 60 days thereafter.

A.R.S. § 25–215(B) subjects community property to liability for "premarital separate debts or other liabilities" incurred after September 1, 1973, to the extent of the debtor spouse's contribution. It effectively eliminates the so-called "two-dollar bankruptcy" by which, for the initial cost of a marriage license, a debtor formerly could place his future wages and commingled assets beyond the reach of his creditors. The trial court accepted appellees' argument that while the statute applies only to separate debts incurred before marriage, it extends to all "other liabilities of a spouse" incurred after September 1, 1973, whether before or during marriage. We disagree and hold that the words "premarital separate" modify "other liabilities of a spouse."

Where a statute is ambiguous on its face, the reviewing court must ascertain the meaning intended by the legislature from the language used in the statute, aided by canons and rules of statutory construction. *Greyhound Parks of Arizona, Inc. v. Waitman,* 105 Ariz. 374, 464 P.2d 966 (1970). If there are several interpretations possible, the court will adopt that interpretation which is reasonable and avoids contradictions or absurdities. *State Board of Dispensing Opticians v. Schwab,* 93 Ariz. 328, 380 P.2d 784 (1963).

It would be absurd to suppose the legislature intended § 25–215(B) to apply to "other liabilities of spouse" for which the community property already was liable. Thus it appears that "separate" was intended to modify not only "debts" but also "other liabilities." Inasmuch as "premarital" and "separate" are used in conjunction in modifying "debts," it follows that both were intended to modify "other liabilities."

Before enactment of § 25–215 in 1973, the community property was exempt from liability for the separate obligations of either spouse arising ex contractu or ex delicto. *Howe v. Haught,* 11 Ariz.App. 98,

---

1. § 25–215(B): The community property is liable for the premarital separate debts or other liabilities of a spouse, incurred after September 1, 1973, but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single.

462 P.2d 395 (1969). Appellees argue that by enacting § 25–215 and repealing § 25–216, the legislature intended to correct the harshness and inequity of that rule. A statute in derogation of existing law must be strictly construed, however, See, *Farnsworth v. Hubbard*, 78 Ariz. 160, 277 P.2d 252 (1954).

■ Liability of the community property for separate debts is expressly restricted under § 25–215(B) to those debts incurred before marriage, and there is nothing in the statute from which to infer the legislature intended otherwise with respect to other liabilities. To the contrary, we believe the manifest purpose of the statute was to prevent avoidance of existing obligations by the voluntary act of marriage, and that it does not affect liability of the community property for separate obligations of any kind incurred thereafter.

Our conclusion is supported by the statute's equation of liability to the value of the responsible spouse's contribution to the community property which would have been separate property if that spouse were single. Such liability is based on the property's premarital status, hypothetically with regard to post-marital wages and literally as to any property that might have lost its separate character through commingling with community assets. Had the legislature intended to subject some part of the community property to separate liabilities of a spouse arising during marriage, it could reasonably have done so by subjecting such spouse's *share* of the community property to liability, rather than the spouse's contribution.

Our holding is reinforced by the rule of *ejusdem generis* that general words which follow the enumeration of particular classes of persons or things should be interpreted as applicable only to persons or things of the same general nature or class. See *Yauch v. State, City of Tucson*, 109 Ariz. 576, 514 P.2d 709 (1973).

Reversed with instructions to enter an order dissolving the garnishment.

HOWARD, C. J., and HATHAWAY, J., concur.