772 P.2d 41

**LORENZ–AUXIER FINANCIAL GROUP, INC., a corporation, Plaintiff–Appellee,**

v.

**Sandra Lee BIDEWELL, Defendant–Appellant.**

**No. 1 CA–CV 88–008.**

Court of Appeals of Arizona, Division 1, Department B.

April 6, 1989.

Bonn & Anderson, P.A. by Ronald W. Horwitz and Carolyn R. Tatkin, Phoenix, for plaintiff-appellee.

Burton & Leather by James L. Leather, Phoenix, for defendant-appellant.

## OPINION

FIDEL, Presiding Judge.

Sandra Lee Bidewell appeals her inclusion in a judgment arising from a business debt that her husband unilaterally incurred.

We hold:

1. that Mrs. Bidewell's personal liability is governed by the law of Oregon, her state of domicile when the debt arose;
2. that Mr. Bidewell's agreement that he and his business would be bound by Arizona law did not bind his wife to Arizona law or deprive her of the protection afforded to her separate property by the law of Oregon;
3. that Oregon law protects Mrs. Bidewell's separate property from exposure to the judgment on her husband's debt.

## I. FACTS

The material facts are undisputed. Appellant is the wife of Leslie A. Bidewell. In March 1985, her husband entered into a written agreement with the appellee Lorenz–Auxier Financial Group, Inc. (Lorenz–Auxier) to lease a Trillium telephone system. Mr. Bidewell signed the agreement both in his individual capacity and as president of Infotel Arizona, Inc. (Infotel). The lease listed Infotel and Mr. Bidewell as co-lessees. In June 1985, Mr. Bidewell executed two agreements to lease additional electronic equipment from Lorenz–Auxier, again signing both in his individual capacity and as president of Infotel. The June leases were also signed by Lois M. Haider, a business associate of Mr. Bidewell, and listed Infotel, Mr. Bidewell, and Ms. Haider as co-lessees. Mrs. Bidewell did not execute any of the leases, and Lorenz–Auxier does not contend that she ever consented to be responsible for the leases or approved of them in any way.

The Bidewells resided in Oregon when the leases were executed. The record does not show their current residence. They indicate, however, in their answer to the complaint that they no longer reside in Oregon. The Bidewells acknowledge that Mr. Bidewell executed the leases in Arizona.

Arizona is the principal place of business of Lorenz–Auxier. Paragraph 21 of each of the leases contains the parties' submission to Arizona's jurisdiction and choice of Arizona law to govern interpretation of the agreements. Paragraph 21 states:

This Lease shall not be effective until signed by Lessor at its principal place of business. This Lease shall be considered to have been made in the state of Lessor's principal place of business and shall be interpreted in accordance with the laws and regulations of that state.

Lessee agrees to jurisdiction in the state of Lessor's principal place of business. In the case of any action, suit or proceeding arising out of this Lease, and concedes that it, and each of them, transacted business in said state by entering into this Lease. In the event of legal action to enforce this Lease, Lessee agrees that venue may be laid in the county of Lessor's principal place of business.

Within the year following execution of the leases, the lessees defaulted in payment of the rent, and Lorenz–Auxier filed suit for damages. Pursuant to Paragraph 21, Lorenz–Auxier sued in the Superior Court of Maricopa County, Arizona. Lorenz–Auxier named as defendants not only the parties who had executed the leases, but also Mrs. Bidewell.

Infotel filed no answer, permitting default judgment to be entered against it. Lorenz–Auxier sought judgment against the remaining defendants by motion for summary judgment. Ms. Haider filed no response. The Bidewells conceded *Mr.* Bidewell's personal liability for the amount Lorenz–Auxier claimed due. The Bidewells argued, however, that these debts were the separate obligation of Mr. Bidewell and that *Mrs.* Bidewell had no liability under Oregon law for her husband's separate debts. Contending that Oregon law, not Arizona law, governs Mrs. Bidewell's liability, they moved for summary judgment dismissing her entirely from the suit.

The trial court denied the Bidewells' motion for summary judgment and granted summary judgment in favor of Lorenz–Auxier. Judgment was entered against "the Defendants Leslie A. Bidewell, Sandra Bidewell and Lois M. Haider, and each of them" for the principal sum of $124,545.62 plus interest, costs, and attorney's fees. Sandra Bidewell now appeals, asking that we reverse the summary judgment against her and direct the trial court to enter summary judgment in her favor.

## II. DISCUSSION

### A. *Arizona Community Property Law*

We begin with a review of the property rights of spouses under Arizona law. In Arizona, neither the community property of spouses nor the separate property of one spouse is liable for the separate debts incurred by the other during marriage. A.R.S. § 25–215(A) and (B). *See also Schilling v. Embree*, 118 Ariz. 236, 238–239, 575 P.2d 1262, 1264–65 (App.1978).

However, when, as here, only one of the spouses enters into a debt-creating agreement, it does not necessarily follow that the debt is the separate obligation of that spouse. Debt incurred by one spouse while acting for the benefit of the marital community is a community obligation whether or not the other spouse approves it. *Ellsworth v. Ellsworth*, 5 Ariz.App. 89, 423 P.2d 364 (1967). This is true irrespective of pecuniary benefit to the community. *Donato v. Fishburn*, 90 Ariz. 210, 367 P.2d 245 (1961). Further, debts incurred during marriage are presumed to be community debts, and the party who contends otherwise has the burden of overcoming the presumption by clear and convincing proof. *Morgan v. Bruce*, 76 Ariz. 121, 259 P.2d 558 (1953); *Hoffman Company v. Meisner*, 17 Ariz.App. 263, 497 P.2d 83 (1972); *Garrett v. Shannon*, 13 Ariz.App. 332, 476 P.2d 538 (1970). Additionally, "community property is liable for a spouse's debts incurred outside of [Arizona] during the marriage which would have been community debts if incurred in this state." A.R.S. § 25–215(C).[1]

The Bidewells presented no evidence to rebut the presumption that the Lorenz–Auxier debt furthered community purposes. Thus, if Arizona community property law were applicable, the debt would be considered a community obligation, judgment would be appropriate against the marital community of Leslie and Sandra Bidewell, and we would need only to consider the question of Mrs. Bidewell's individual liability.

### B. *Does Arizona Community Property Law Apply?*

Mrs. Bidewell argues, however, that Arizona community property law does not apply. She points out that the Bidewells, as a marital unit, were never domiciled in Arizona, but resided, at all times relevant to these transactions, in Oregon, a non-community property state. She invokes Oregon's marital law, claiming, pursuant to Oregon Revised Statutes §§ 108.020, 108.050, and 108.060, that only the husband's separate property may be reached to satisfy a debt that he solely and separately incurred.

We conclude that Arizona community property law does not apply in the absence of a binding agreement by the Bidewells to the contrary. (In the next section of this decision, we reject Lorenz–Auxier's argument that the Bidewells entered such an agreement). Arizona courts have long held that the property rights of a husband and wife are governed by the law of the couple's matrimonial domicile at the time of the acquisition of the property. *Nationwide Resources Corp. v. Massaboni*, 143 Ariz. 460, 694 P.2d 290 (App.1984). Likewise resolved according to the laws of the matrimonial domiciliary state is the question of funds available to creditors to satisfy the debts of a marital community or to satisfy the separate debts of either spouse.

1. *See also* A.R.S. § 25–214(B), which provides that either spouse has power to bind the community except under the two circumstances listed in subsection C, neither of which is relevant here.

The matrimonial domicile of a couple is their place of domicile during marriage. *Stephen v. Stephen,* 36 Ariz. 235, 284 P. 158 (1930). Because, at all times relevant to this case, the Bidewells resided in Oregon, a non-community property state, we would ordinarily look to the law of Oregon to decide Mrs. Bidewell's susceptibility to judgment on this debt.

### C. *Effect of Paragraph 21*

 Preliminarily, however, we must dispose of Lorenz-Auxier's contention that the Bidewells consented to the application of Arizona community property law in Paragraph 21 of the leases.

Lorenz-Auxier's reliance on Paragraph 21 is misguided. It is undisputed that the *parties to the leases* made a choice of law pursuant to their contract and that they chose Arizona law. Mrs. Bidewell correctly argues, however, that this provision does not bind her, as she was not a party to the leases, made no personal choice of law, and could not be bound by the terms, including the choice of law terms, of contracts she did not sign.

We find no authority in Arizona or Oregon that permits one spouse, acting extraterritorially without the other spouse's consent, to enlarge his dispositional power over the other spouse's property beyond the limits imposed by the law of the domiciliary state. O.R.S. § 108.020 states that spouses "are not liable for the separate debts of each other." O.R.S. § 108.050 states that none of the wife's "real or personal property acquired by her own labor during coverture, shall ... be subject to the debts or contracts of her husband." Mrs. Bidewell obtained a measure of protection through these statutes that her husband could not unilaterally sign away. Her husband may have agreed that *he* would be bound by Arizona law, but he did not thereby bind his wife.

Were we to accept Lorenz-Auxier's position, one spouse could alter the rights and liabilities of his marital community, irrespective of the protective policies of the state of domicile, by simply choosing to contract in another forum and by contractually consenting to the application of that forum's laws. One spouse, for example, could defeat Arizona's protective requirement that both spouses must consent when binding community property to guarantee a third party's obligation, A.R.S. § 25–214(C)(2); the would-be guarantor would need only to transact a guarantee in a state that lacked such protection and to include a "Paragraph 21" submitting to the latter state's laws.

Lorenz-Auxier knew or should have known that it was dealing with Oregon residents not subject to Arizona community property law. If Lorenz-Auxier had intended to bind the Bidewell's marital unit or Mrs. Bidewell individually to Paragraph 21, it should have obtained Mrs. Bidewell's signature.

In summary, we find no basis in Paragraph 21 to apply Arizona community property law to reach Sandra Bidewell's separate property or to subject any marital property of the Bidewells to treatment as community property. Although Arizona law may be used pursuant to Paragraph 21 to interpret the obligations of Leslie Bidewell in his individual capacity, we must look to the law of Oregon, the state of domicile, to determine the obligations of the Bidewell marital unit and of Sandra Bidewell individually.

### D. *Mrs. Bidewell's Separate Property Under Oregon Law*

 We next consider the question whether, under Oregon law, one spouse acting alone can subject his spouse's separate property to liability on a debt such as that incurred by Mr. Bidewell in this case. The answer is clear. Oregon law explicitly protects a wife's separate earnings and property from subjection to the payment of her husband's separate debts. O.R.S. §§ 108.020, 108.050. *See also Pacific States Cut Stone Co. v. Goble,* 70 Wash.2d 907, 913, 425 P.2d 631, 634 (1967) (Pursuant to O.R.S. §§ 108.020 and 108.050, "neither husband nor wife is liable for debts incurred by the other and ... a married woman's property shall not be subject to the debts of her husband").

E. *Is There Marital Property in Oregon?*

There is a gap between our conclusions to this point and a further conclusion that Mrs. Bidewell wishes us to draw. Mrs. Bidewell argues that the trial court should have ruled in summary judgment as to the Bidewells that *only* her husband's separate property is subject to the Lorenz–Auxier debt. Our holding does not reach this far.

We have indeed concluded that *Mr.* Bidewell is individually liable and that his separate property, if any, is susceptible to judgment on the Lorenz–Auxier debt. We have further concluded that *Mrs.* Bidewell is *not* individually liable and that her separate property, if any, is *not* susceptible to judgment on the Lorenz–Auxier debt. These holdings, however, do not exhaust the issue. The question remains whether there is any basis for subjecting any property held jointly by the Bidewells to such judgment.

We have answered this latter question only in part. We have concluded that the Bidewell marital unit was not subjected to Arizona community property law by Mr. Bidewell's unilateral agreement in this state; nor was any property of the Bidewells transformed by his agreement into community property, as Arizona uses that term. Arizona community property law does not apply.

These questions remain:

(1) Does any type of marital property exist, distinct from the separate property of each spouse, under the law of Oregon, a non-community property state? *See, e.g., Pacific States Cut Stone Co. v. Goble,* 70 Wash.2d 907, 425 P.2d 631 (1967); *Bainum v. Roundy,* 21 Ariz.App. 584, 521 P.2d 633 (App.1974).

(2) If so, may such property be subjected to judgment for debts incurred for the benefit of the marital unit by one spouse acting alone? *Id.*

The parties have neither raised nor briefed these latter questions. Accordingly, we do not resolve them. We simply identify them as unresolved issues that preclude our determination as to the Bidewells that *only* the separate property of Mr. Bidewell is subject to judgment on the Lorenz–Auxier debt.

## III. CONCLUSION

We conclude that the trial court erroneously entered summary judgment against Sandra Bidewell individually. The trial court should instead have entered summary judgment relieving Sandra Bidewell of separate liability on the Lorenz–Auxier debt. The judgment is reversed as to Sandra Bidewell; the judgment is affirmed as to all other defendants. The case is remanded for proceedings consistent with this decision.

EUBANK and JACOBSON, JJ., concur.