NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KRISTI LATTIN, *Plaintiff/Appellant*,

*v.*

SHAMROCK MATERIALS, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0639
FILED 7-20-2023

Appeal from the Superior Court in Maricopa County
No. CV2017-011398
The Honorable Mary C. Cronin, Judge *Pro Tempore*
The Honorable Lindsay Abramson, Judge *Pro Tempore* (retired)

**AFFIRMED**

COUNSEL

Brier, Irish & Hubbard P.L.C., Phoenix
By Teresa H. Foster
*Counsel for Plaintiff/Appellant*

Sacks Tierney P.A., Scottsdale
By Patrick J. Van Zanen & Michael L. Kitchen
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

¶1        Kristi Lattin appeals from a judgment awarding Shamrock Materials, LLC ("Shamrock") attorney's fees and costs against the marital community property. We affirm because the community funded the lawsuit at issue, Lattin pursued the suit for the community's benefit, and the fees were reasonable.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2005, Lattin, her husband, Robert DeRuiter, and two other married couples "met on approximately 3 occasions" to discuss the need for shipping in the concrete industry and plan the formation of a business together. The three wives formed Shamrock, a concrete shipping business. The couples named the three wives as the members "to take advantage of State and Federal disadvantaged business opportunities, like Woman Owned Business." Lattin then decided she preferred to have the option to later become a member rather than retain membership, and she and the other members signed a profit participation agreement ("Agreement") granting her that option. Lattin and the other women signed the Agreement as "married women dealing with their sole and separate property."

¶3        The business partners ultimately had a falling out, and in 2017, Lattin sued Shamrock. But Lattin lost in the superior court and on appeal. *See generally Lattin v. Shamrock Materials LLC*, No. 1 CA-CV 19-0761, 2020 WL 6140626 (Ariz. App. Oct. 20, 2020) (mem. decision). The judgment in that proceeding awarded Shamrock its costs and attorney's fees under the Agreement. Shamrock then executed on the judgment by serving a writ of garnishment on the bank managing DeRuiter and Lattin's joint bank account. Lattin challenged the garnishment, arguing that Shamrock needed to join DeRuiter in the suit to collect against the marital community. *See* A.R.S. § 25-215(D) ("In an action on [a community] debt or obligation, the spouses shall be sued jointly."). On that basis, the superior court quashed the garnishment, and this court affirmed. *Lattin v. Shamrock Materials LLC (Lattin II)*, No. 1 CA-CV 20-0245, 2021 WL 58137, at *1, ¶ 1 (Ariz. App. Jan.

7, 2021) (mem. decision). But the Arizona Supreme Court reversed. *Lattin v. Shamrock Materials, LLC* (*Lattin III*), 252 Ariz. 352, 353, ¶ 1 (2022).

¶4            The supreme court acknowledged that under A.R.S. § 25-215(D), "a party seeking damages from community assets for an unpaid debt or breach of an obligation must join both spouses when asserting a cause of action." *Lattin III,* 252 Ariz. at 355, ¶ 10. But it concluded that "a request for attorney fees and costs after successfully defending a lawsuit is not itself a cause of action." *Id.* at 355, ¶ 12. Thus, the court held, "neither § 25-215(D) nor due process requires a defendant seeking an award of attorney fees and costs from a married plaintiff to join the plaintiff's spouse in the lawsuit to entitle it to later execute a judgment against community assets." *Id.* at 356, ¶ 15. The court remanded the case for the superior court to "rule on Lattin's argument that the judgment is her sole and separate obligation," ordering that her husband may intervene "to contest the judgment's character as a community obligation." *Id.* at 356, ¶ 16.

¶5            On remand, Lattin's husband intervened and filed an affidavit. The superior court heard oral argument on whether the judgment is Lattin's "sole and separate obligation." Lattin did not request an evidentiary hearing or suggest she had more evidence beyond her husband's affidavit. The court ruled that "the judgment awarding attorney's fees and costs is a community obligation and not a separate obligation."

¶6            Lattin moved for reconsideration, and the court ordered briefing and held a second oral argument. On the record presented, the court determined that Lattin had no "sole and separate" assets other than her membership interest in Shamrock. Though Lattin had sued as an individual, "the lawsuit was funded by the community." Finally, the court noted that "just because you say something [is] sole and separate property does not make it sole and separate property."

¶7            Because the suit was funded by the community and "pursued to the benefit of the community," the court ruled that "the attorney's fees award . . . is an obligation of the marital community." The court entered a

signed judgment reaffirming the attorney's fees judgment subject to the supreme court remand.[1]

**¶8**            Lattin appealed the attorney's fees judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### A.       We Review the Characterization of a Debt *De Novo*.

**¶9**            The parties disagree on how to frame the central issue, urging us to adopt different review standards.

**¶10**            Lattin contends that this case is about distinguishing "sole and separate" property from community property. She cites a dissolution case, identifying that we review *de novo* the superior court's community property characterization. *See In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 5 (App. 2016). Thus, Lattin argues the superior court's ruling that the judgment obligation applies to the community is an issue subject to *de novo* review.

**¶11**            Shamrock counters that "the key inquiry is whether, *as a matter of fact*, Appellant pursued the litigation for and on behalf of her marital community." Claiming this determination is a factual finding, Shamrock argues that our review is whether the superior court's findings are clearly erroneous. Shamrock also distinguishes this case from *Foster* because this case is not a matter of equity arising from the family court.

**¶12**            We determine that *de novo* review is appropriate. The superior court was commanded to "rule on Lattin's argument that the judgment is her sole and separate obligation." *Lattin III*, 252 Ariz. at 356, ¶ 16. While we must defer to findings of fact made by the superior court, a ruling on the character of a debt obligation is a mixed question of fact and law. *See Calisi v. Unified Fin. Servs., LLC*, 232 Ariz. 103, 106, ¶ 13 (App. 2013) (citing *Enter. Leasing Co. of Phoenix v. Ehmke*, 197 Ariz. 144, 148, ¶ 11 (App. 1999)) (For mixed questions, we accept the superior court's findings of fact unless they are clearly erroneous, but we review conclusions of law *de novo*.). And the

---

[1]       While other proceedings remained pending, the judgment stated there was "no just reason for delay" but cited Arizona Rule of Civil Procedure 54(c) rather than 54(b). Because Rule 54(b) is the appropriate vehicle to appeal, and the correct language was present, we overlook the typographical error between (b) and (c) and exercise appellate jurisdiction.

superior court received no testimony on which it based its decision and made no credibility determinations. The superior court's conclusion that it was a community obligation is subject to *de novo* review.

**B.     Lattin's Attorney's Fees Obligation Is a Community Obligation Because the Community Funded the Litigation to Benefit the Community.**

**¶13**      In Arizona, a creditor may not garnish community property for separate debts incurred during the marriage. A.R.S. § 25-215(A)–(B); *see also Schilling v. Embree*, 118 Ariz. 236, 238–39 (App. 1977). "However, when . . . only one spouse enters into a debt-creating agreement, it does not necessarily follow that the debt is the separate obligation of that spouse." *Lorenz-Auxier Fin. Grp. v. Bidewell*, 160 Ariz. 218, 220 (App. 1989).

**¶14**      "[S]pouses have equal management, control and disposition rights over their community property *and have equal power to bind the community.*" A.R.S. § 25-214(B) (emphasis added). As A.R.S. § 25-215(D) elaborates, "either spouse may contract debts and otherwise act for the benefit of the community," creating a community debt. Thus, though a married person can incur a separate obligation, "debts incurred during marriage are presumed to be community debts." *Lorenz-Auxier Fin. Grp.*, 160 Ariz. at 220 (citing *Morgan v. Bruce*, 76 Ariz. 121 (1953)). Here, the burden was on Lattin and her husband to prove by clear and convincing evidence that the debt was not a community obligation. *Id.*

**¶15**      Lattin failed to carry her burden. She repeatedly states that she signed the Agreement as "a married woman dealing with her sole and separate property." But this fact is not dispositive. If it were, the supreme court would have ruled on that basis in its decision. *See Lattin III*, 252 Ariz. 352. Instead, it remanded for the superior court to allow Lattin and her husband to present evidence and argue whether the debt was Lattin's sole and separate obligation. *Id.* at 356, ¶ 16.

**¶16**      Lattin did not request an evidentiary hearing nor suggest that she had other evidence to support her position. Her husband's affidavit was the only new evidence provided to the superior court on remand. Though his affidavit affirmed Lattin's claim that her interest in the LLC was her sole and separate property, it did not establish or allege that the litigation was separate. Instead, his affidavit stated, "[t]he only sole and separate property owned by my spouse is her ownership interest in [Shamrock]." His statement does not support the argument that the litigation was pursued as a sole and separate matter. It does, however, support the superior court's

conclusion that had Lattin prevailed, a monetary award would have benefitted the community. It likewise supports Shamrock's argument that the community funded the litigation.

**¶17**　　　　Lattin highlights Shamrock's statement that it planned to add her husband as a necessary party, urging that this was a tacit admission that Shamrock could not otherwise recover from the community property. But the supreme court's ruling disposed of this argument. Lattin's husband did not need to be added to recover attorney's fees from the community because a request for attorney's fees "is not itself a cause of action." *Lattin III*, 252 Ariz. at 355, ¶ 12.

**¶18**　　　　Lattin provides little legal support that her debt is not a community debt. She cites *Bourne v. Lord* as an example in which community funds were spent on separate property, but the property did not become a community asset. 19 Ariz. App. 228 (1973). But *Bourne* does not apply. *Bourne* addressed the characterization of an asset as community or separate, *see id.* at 229, while the analysis here is not centered on the asset's character. No one disputes that Lattin's interest under the Agreement is her sole and separate property. Instead, at issue is the nature of a debt arising from litigation pursued by one spouse. And, as explained, spouses individually have the power to bind the community. *See* A.R.S. §§ 25-214, 25-215(D).

**¶19**　　　　On the other hand, Shamrock identifies that "[d]ebt incurred by one spouse while acting for the benefit of the marital community is a community obligation whether or not the other spouse approves it." *Lorenz-Auxier Fin. Grp.*, 160 Ariz. at 220. Lattin presented no evidence that she pursued the litigation with separate funds or that her success would have only benefited her separately rather than the community. As the superior court noted, the evidence suggests "the community was clearly benefiting or would have benefited had they prevailed in this lawsuit." Thus, Lattin's accrued attorney's fees are a community debt because the debt arose from "one spouse . . . acting for the benefit of the marital community." *Id.* at 220.

## ATTORNEY'S FEES AND COSTS

**¶20**　　　　Both parties request costs and an award of attorney's fees under the Agreement and A.R.S. § 12-341.01. The Agreement requires a fee award for the party prevailing in "any legal proceedings for the enforcement of [the] Agreement." As the prevailing party, we award

reasonable attorney's fees and taxable costs to Shamrock upon compliance with ARCAP 21.

## CONCLUSION

¶21      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA