NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANDRE MATTHEWS, *Petitioner/Appellant*,

*v.*

CHERYL MATTHEWS, *Respondent/Appellee*.

No. 1 CA-CV 25-0594 FC

FILED 05-13-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-070147
The Honorable David W. Garbarino, Judge

**AFFIRMED**

COUNSEL

Andre Matthews, Surprise
*Petitioner/Appellant*

The Law Office of Scott Griffiths PLLC, Tempe
By Marty Zalevsky, Scott Griffiths
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

---

**C A T L E T T**, Judge:

¶1        Andre Matthews ("Husband") appeals the superior court's Decree of Dissolution ("Decree"), which awarded Cheryl Matthews ("Wife") half a community lien on separate property and characterized a credit card balance and a bonus Wife owed to a former employer as community debts.  Because Husband does not demonstrate that the court erred by finding he did not rebut the presumption of community property and debts, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Husband and Wife wed in 2019.  On February 16, 2024, Husband petitioned to dissolve the marriage; Wife accepted service on February 22, 2024.  During the proceedings, Husband identified certain residential property he claimed he purchased before the marriage. Wife did not dispute that the residential property was separate.  But she requested that the court impose a community lien on the property.  She also requested that Husband pay around $3,500 of a $6,002 credit card balance.  And she requested that Husband pay half of a $20,000 signing bonus a prior employer required her to return after terminating her employment.

¶3        The court held a trial.  It admitted Husband's exhibits, which were purportedly images showing the interior of his separate residence. The court also admitted Husband's exhibit titled, "Notice of Issues," in which Husband argued Wife "did not reside at the residence" for "approximately 18 months" during the marriage, and so Husband was "[t]he only contributor to the residence[.]"  Husband accused Wife of "damag[ing]" the residence by engaging in "non-professional do it yourself projects."  Husband also provided multiple estimates to "redo[]" Wife's projects.  And he accused Wife of spending over $5,000 in February 2024 on "non-essential" items, including shoes, gift cards, and multiple virtual reality headsets.

**¶4** The court also admitted Wife's exhibits. Wife provided evidence showing the value of Husband's residential property in 2019 and 2025, as well as evidence about mortgage payments on that property. She submitted an email from February 1, 2024, wherein her previous employer requested that she return a $20,000 signing bonus because she was no longer employed with the company. Wife included a collections letter stemming from that debt. And Wife submitted a credit card invoice for February 2024, showing a balance of $6,002.97. That invoice reflected multiple charges on February 15 and 16, 2024, totaling over $5,000, but it did not describe what items were purchased or for whom.

**¶5** The court issued the Decree, designating the residential property as Husband's separate property but finding Wife was entitled to half of a community lien. The court used Wife's valuation and calculated her interest in the community lien at $18,796.51. The court rejected Husband's reimbursement request for Wife's improvements because he "did not present sufficient credible evidence" distinguishing purported damage from normal "wear and tear[.]" The court found the credit card balance and the bonus repayment were community debts and apportioned them equally between Husband and Wife.

**¶6** Husband timely appealed; we have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7** Husband argues the court erred by awarding the community a lien on his property and designating the credit card and bonus repayments community debts. We review the superior court's property division for an abuse of discretion, but we review de novo whether the court properly characterized property and debts as community or separate. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523 ¶ 4 (App. 2007). The court commits an abuse of discretion when it "rules without competent evidence or commits a legal error in making a discretionary decision." *Meister v. Meister*, 252 Ariz. 391, 396 ¶ 12 (App. 2021). A spouse must provide clear and convincing evidence to rebut the presumption that property acquired during marriage is community property. *Cockrill v. Cockrill*, 124 Ariz. 50, 52 (1979). We review the evidence in the light most favorable to sustaining the court's findings and affirm those findings if reasonable evidence supports them. *See Kohler v. Kohler*, 211 Ariz. 106, 107 ¶ 2 (App. 2005).

**¶8** Husband did not provide us with a trial transcript. Ariz. R. Civ. App. P. 11(c). We "hold unrepresented litigants in Arizona to the same

standards as attorneys and do not afford them special leniency." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022). Without a transcript, we presume the trial testimony supported the superior court's decision. *Kohler*, 211 Ariz. at 108 ¶ 8 n.1.

## I.      Community Lien

**¶9**      Husband argues the court erred by awarding Wife a community lien on his separate residential property because she "did not contribute directly to the home payments, maintenance and or [upkeep] of the residence[.]" Husband contends Wife did not live at the property for some time and for several years her "contributions" went only "towards [her] own bills." But any payment to the mortgage by the community during marriage is credited to the community. *See Saba v. Khoury*, 253 Ariz. 587, 591 ¶¶ 12–13 (2022) (listing a standard community interest formula that includes a calculation "when the *community* makes some of the mortgage payments on a spouse's separate property") (emphasis added). The court used the proper formula when calculating the community's lien against the property.

**¶10**      Husband also argues Wife undertook renovations on the property that decreased its value, and it therefore should have denied the community any interest. The court rejected that argument because Husband "did not present sufficient credible evidence" to distinguish between purported damage from renovations and normal "wear and tear[.]" The only record evidence Husband presented at trial were pictures allegedly showing the interior of a residence and estimates to remodel the property. Husband admits the court ordered him to cooperate with Wife in scheduling an appraisal, and he asserts that if an appraisal had occurred, the court would have had proof that Wife's renovations devalued the property. But the record reflects Wife suggested the appraisal, and Husband did not show that he worked with Wife to schedule the appraisal he contends would have supported his argument. Ultimately, Husband asks us to reweigh the evidence about how Wife's renovations allegedly impacted the property's value. We will not do so. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019).

## II.      Community Debt

**¶11**      Husband also claims the court erred by attributing certain debts to the community. Specifically, Husband argues he should not be responsible for certain credit card debt because Wife purchased gifts for her boyfriend. He also argues the court erred by designating Wife's obligation

to repay her hiring bonus a community debt. A debt "incurred during marriage [is] presumed to be [a] community debt[]," and the party arguing otherwise must overcome that presumption. *Lorenz-Auxier Fin. Grp., Inc. v. Bidewell*, 160 Ariz. 218, 220 (App. 1989).

¶12 The record reflects, and Husband admits, that the disputed credit card charges occurred on February 15 and 16, 2024, during the marriage. Husband did not petition for dissolution until February 16, and Wife did not accept service until February 22, so Husband and Wife were married when Wife made the purchases at issue. Husband therefore had to overcome the presumption that the community incurred those debts. Husband's assertions that Wife "admitted in court to having a boyfriend" do not overcome that presumption, particularly when he has not provided us with a transcript reflecting that or any other testimony.

¶13 The same goes for Husband's argument about Wife's obligation to repay the bonus from her employer. Wife provided evidence that she received the signing bonus on July 21, 2023, and on February 1, 2024, the company demanded repayment. That demand occurred during the marriage, so we presume the bonus was community property and the obligation to repay it was a community debt. Husband's argument that Wife spent the bonus on herself does not overcome that presumption. The court did not err by characterizing the credit card and bonus debt as community debts.

## ATTORNEY FEES AND COSTS

¶14 Wife requests attorney fees and costs "incurred in the litigation and on appeal" under A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21. After considering the relative financial resources of the parties and the reasonableness of their positions taken on appeal, we award Wife her reasonable attorney fees and costs on appeal, upon complying with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶15        We affirm the Decree.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR