481 P.2d 284

Norman KREISS, Appellant,

v.

Vernon E. SHIPP and Rachel C. Shipp, husband and wife, Appellees.

No. I CA–CIV 1392.

Court of Appeals of Arizona,
Division 1.

Feb. 25, 1971.

Rehearing Denied March 24, 1971.

Review Denied April 27, 1971.

Lesher & Scruggs, by D. Thompson Slutes, Tucson, for appellant.

Roush, Mori, Feinstein & Welch by Allen L. Feinstein, Phoenix, for appellees.

KRUCKER, Chief Judge.

Norman Kreiss, appellant herein and plaintiff below, filed an action on a promissory note dated January 10, 1968, in the sum of $12,500 against Vernon E. Shipp and Rachel Shipp, husband and wife.

There is no dispute as to the note in question and the non-payment thereof. The note was executed by V & R Investments, Inc., by Vernon E. Shipp, as president, and by Vernon E. Shipp, individually. The cause was tried before the court without a jury and the court rendered judgment in the amount of the complaint against the defendant, Vernon E. Shipp only, and dismissed the action as to Rachel C. Shipp.

The sole question raised in this appeal is whether or not the execution of the note by Vernon E. Shipp bound the community composed of himself and his wife, Rachel, and if there was any reasonable evidence to support the judgment of the trial court that the note is not a community obligation of Mr. and Mrs. Shipp.

The trial court's decision was based on the fact that there was no benefit to the community by the individual execution of the note by Shipp and no likelihood of any other income therefrom.

Briefly, the facts are relatively simple. V & R Investments, Inc., an Arizona corporation, had purchased the U. S. Grant Hotel in San Diego, California. Vernon E. Shipp and Rachel C. Shipp own a majority of the stock, and the remainder of the stock was owned by their children and their attorney, Mr. Foster Mori. As part of the consideration, notes had been executed by Wolf and Bernstein, former part owners, to the Republic Bank in California. As part of the purchase agreement, V & R Investments, Inc., took over these notes and then were unable to pay the same in full. The corporation borrowed $12,500 from Mr. M. Bert Fisher, and a second $25,000 note came due on December 15, 1967. Mr. Shipp asked Mr. Fisher for a loan, but Fisher insisted that Shipp secure the funds from plaintiff, Norman Kreiss, who agreed but required that Shipp sign the note both on behalf of the corporation and personally.

As stated, the sole question is whether this is a community obligation.

The primary case relied upon and cited by both parties is Donato v. Fishburn, 90

**114**

Ariz. 210, 367 P.2d 245 (1961). In that case, the controlling question was whether there was a community obligation and whether the transaction was intended to benefit the community.

The U. S. Grant Hotel was insolvent and other notes were due on the purchase price and trust deeds were being foreclosed. In *Donato*, supra, the corporation was likewise in serious financial straits and would have been forced into bankruptcy inasmuch as the company was unable to pay its debts. As in *Donato,* the controlling question was whether the debt action was intended to benefit the community of Donato and his wife.

As stated in *Donato:*

"'A note given, or an obligation incurred, by a married man for the benefit of a corporation in which he is a stockholder, binds his marital community if the corporate stock is the property of the community, and the test is whether the transaction is carried on for the benefit of the community. It is immaterial that the community actually derives no profit therefrom. [citations omitted]'" 90 Ariz. at 214, 367 P.2d at 247.

And *Donato* also states:

"* * * where his acts are in respect to and in furtherance of the community affairs, the obligations created thereby are those of the community irrespective of whether any pecuniary benefit was realized." 90 Ariz. at 214–215, 367 P.2d at 247.

Our Supreme Court has also held in McFadden v. Watson, 51 Ariz. 110, 74 P. 2d 1181 (1938), that where an act which gives rise to the obligation was done with a bona fide intention of protecting the interest of the community it becomes a community debt even if no benefit actually resulted.

Furthermore, the burden of proof that it was not a community obligation is on the party asserting it, in this case defendants. See, Wakeham v. Omega Construction Co., 96 Ariz. 336, 395 P.2d 613 (1964); Siegal v. Haver, 4 Ariz.App. 119, 417 P.2d 928 (1966); Keplinger v. Boyett, 6 Ariz.App. 514, 433 P.2d 1006 (1967).

Appellee has directed us to no evidence tending to overcome the presumption that the obligation is community nor have we found such evidence. Appellee's counsel states that Mr. Shipp testified that the obligation was not personal, but in his letter of January 10, 1968, enclosing the note payable to Mr. Kreiss, he states:

"It is my understanding that Mr. Kreiss will be advancing the $12,500.00 to Mr. Levin as a personal loan to me, which is covered by the enclosed note."

Judgment is reversed with directions to enter judgment against the community of Vernon E. Shipp and Rachel C. Shipp.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.