821 P.2d 272

**ZORK HARDWARE COMPANY, a corporation, Plaintiff/Appellant,**

v.

**Richard M. GOTTLIEB and Eileen Gottlieb, husband and wife, Defendants/Appellees.**

**No. 2 CA–CV 91–0064.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 7, 1991.

Kevin John Witasick and Associates by Kevin John Witasick and William Knoche, Phoenix, for plaintiff/appellant.

Little, Siegel & Bellovin by Robert Douglas Little, Tucson, for defendants/appellees.

## OPINION

LIVERMORE, Chief Judge.

Richard and Eileen Gottlieb were married in 1948. In 1982 Mr. Gottlieb, without his wife's consent, guaranteed the debts of a hardware store in Tucson to plaintiff Zork Hardware Company. When the store defaulted, Zork obtained a $250,000 judg-

**6**

ment against Mr. Gottlieb in Texas. In compromise of that judgment, Zork took a $35,000 promissory note from Mr. Gottlieb, again without his wife's consent, in 1984. On Gottlieb's default on the note, suit was brought against both Mr. and Mrs. Gottlieb. Zork appeals from a judgment, after jury trial, limiting its recovery to the separate property of Mr. Gottlieb. We affirm.

■ Under A.R.S. § 25–214(C) community assets are not bound by a contract of guaranty unless both spouses join in the contract. Accordingly, the community property of the Gottliebs could not be reached to satisfy the 1984 judgment resulting from the 1982 guaranty. *Consolidated Roofing & Supply Co. v. Grimm*, 140 Ariz. 452, 682 P.2d 457 (App.1984).

■ The sole issue raised by this appeal is whether one spouse acting unilaterally can, by signing a promissory note during marriage, convert a separate obligation into a community one. No authority is cited for this improbable proposition and we reject it. Because all of Zork's arguments lead to this result, we treat them summarily:

(1) It is argued that the parol evidence rule prevents evidence that the note was executed to satisfy a judgment enforceable only against the separate property of Mr. Gottlieb. The parol evidence rule, when applicable, mandates that the unambiguous terms of a written contract be enforced as written. Nothing in it prevents evidence that a contracting party did not have capacity to bind a third party.

(2) While either spouse may bind the community under A.R.S. § 25–214(C), that does not allow for the conversion of separate obligations into community ones. The authority to contract debts extends only to those "for the benefit of the community" under § 25–215.

(3) That Mrs. Gottlieb admitted in her answer that Mr. Gottlieb signed a promissory note does not prevent her from establishing that community assets could not be liable for any judgment on the note.

(4) That the agreement between Zork and Mr. Gottlieb substituted a new obligation on a note for a different one under a judgment does not mean that a person not bound under the first can be bound under the second.

■ Because the facts are undisputed, this case need not have gone to trial. We need not reach, therefore, issues concerning the propriety of jury instructions. The ruling precluding testimony by Gottlieb's attorney as to what he told Gottlieb was proper because such testimony would violate the attorney-client privilege. A.R.S. § 12–2234. In any event, the testimony was irrelevant.

Affirmed. Appellees are awarded attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.P., 17B A.R.S.

LACAGNINA, P.J., and HOWARD, J., concur.