NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

AMERICAN WEST BANK, et al., *Plaintiffs/Appellees,*

*v.*

SANDY G. KELLIN, *Defendant/Appellant.*

No. 1 CA-CV 18-0060
FILED 11-27-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-095947
The Honorable Margaret Benny, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Snell & Wilmer L.L.P., Phoenix
By Steven D. Jerome, Benjamin W. Reeves, James G. Florentine
*Counsel for Plaintiffs/Appellees*

Clark Hill PLC, Scottsdale
By Ryan J. Lorenz
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1**         Sandy G. Kellin ("Kellin") appeals the superior court's order granting a writ of execution against a home in Carefree in satisfaction of a judgment issued in Utah, and domesticated in Arizona, in favor of Banner Bank ("Banner"), the successor-in-interest of American West Bank ("AWB").  For the following reasons, we affirm the court's order.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         In October 2007 Kellin executed a promissory note payable to Far West Bank, a division of AWB, in the principal sum of $1,120,000.  A month later, Kellin and another man executed a second promissory note in the principal sum of $958,000.  As collateral for the two notes, Kellin executed deeds of trust on real property located in Utah.  Kellin's wife, Robyn Kellin ("Wife"), did not sign the promissory notes or the deeds of trust.  Kellin defaulted under the notes.

**¶3**         Upon Kellin's default, AWB foreclosed on the Utah real property subject to the deed of trust, then obtained a deficiency judgment against Kellin in the amount of $1,285,777.89, plus interest.

**¶4**         While the proceedings in Utah were pending, Kellin and Wife completed various transfers of a home in Carefree ("Carefree Property").  The most recent of those transactions was a conveyance from themselves to SRK, LLC, for ten dollars.  Kellin and Wife own SRK.

**¶5**         Banner properly domesticated its Utah deficiency judgment in Arizona pursuant to Arizona Revised Statutes ("A.R.S.") section 12-1702.  Banner then moved in the superior court of Arizona to obtain a writ of special execution to foreclose on its judgment lien on the Carefree Property.  In support of its request for a writ, Banner argued that (1) it had a valid unsatisfied judgment against Kellin; (2) Banner was entitled under A.R.S. § 12-1551 to have the writ of execution issued against the Carefree Property; and (3) the transfers between Kellin, Wife, and SRK were fraudulent under A.R.S. §§ 44-1004(A)(1)-(2), and 44-1005.

**¶6** The superior court ruled Kellin was subject to a valid judgment, then issued the writ of execution against SRK and ordered the judgment lien against the Carefree Property be foreclosed and sold. The court also ruled the transfers of the Carefree Property between Kellin, Wife, and SRK were fraudulent under A.R.S. §§ 44-1004(A)(1)-(2) and 44-1005, and that Banner therefore was entitled to avoid the transfers under A.R.S. §§ 44-1007 and 12-1635. Kellin now appeals; we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶7** The first issue is whether the debt underlying the domesticated judgment is enforceable against the community.

**¶8** Kellin asserts the Carefree Property is owned by the community, and argues that A.R.S. § 25-214(C) prevents execution because Wife did not sign the notes on which the Utah judgment was based.[1] Section 25-214(C) states, "Either spouse separately may . . . bind the community, except that joinder of both spouses is required in . . . [a]ny transaction for the acquisition, disposition or encumbrance of an interest in real property" and "any transaction of guaranty, indemnity or suretyship."

**¶9** In support of his contention, Kellin first cites *Rackmaster Sys., Inc. v. Maderia*, 219 Ariz. 60 (App. 2008), and other cases involving guaranty obligations executed by one, but not both, spouses. *See* A.R.S. § 25-214(C). But the obligations here did not arise out of a guaranty Kellin executed without Wife, and Kellin does not argue otherwise.

**¶10** Kellin also argues that § 25-214(C) applies because the notes he signed were secured by deeds of trust on real property in Utah, and the notes and the deeds of trust must be viewed as parts of the same transaction. But the judgment entered against him arose from the notes he signed, not from the deeds of trust. Promissory notes and deeds of trust are not one and the same. Instead, they are "distinct instruments that serve different purposes." *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 587, ¶ 10 (2012). Contrary to Kellin's argument, promissory notes do not

---

[1] Appellee Banner filed a motion to dismiss the appeal arguing Kellin lacks standing to challenge execution of the writ under A.R.S. § 25-214(C), and further arguing Wife and SRK waived their rights to challenge the appealed order. Assuming without deciding that Kellin has standing to bring this appeal, because we determine A.R.S. § 25-214(C) is inapplicable, we deny the motion as moot.

convey interests in real property. "The note is a contract that evidences the loan and the obligor's duty to repay." *Id.* "The trust deed transfers an interest in real property, securing the repayment of the money owed under the note." *Id.* *See* A.R.S. §§ 33-801(4), -801(8), -801(9), -805, -807(A).

¶11 Because none of the statutory exceptions apply, the notes Kellin executed necessarily fall under the general principle that "[e]ither spouse separately may . . . bind the community[.]" A.R.S. § 25-214(C). In fact, "[i]t is well settled in this State that execution of a note by the husband, in the absence of any evidence that the obligation was not a community one, binds the community composed of the husband and wife." *Bainum v. Roundy*, 21 Ariz. App. 534, 536 (1974) (citation omitted). Kellin acknowledges the presumption that a debt assumed by one spouse during a marriage is a community debt. However, aside from his arguments under A.R.S. § 25-214, which we find unpersuasive, Kellin does not argue why that presumption does not apply here.

¶12 Kellin admits the deficiency judgment at issue here arises from the promissory notes he signed while married to Wife. AWB sued Kellin on the promissory notes after AWB had foreclosed on the deeds of trust. The foreclosure in Utah extinguished the deeds of trust, and a deficiency remained under the promissory notes. The satisfaction of the resulting deficiency judgment, separate from the deeds of trust, is what the superior court ordered when it issued the writ of execution for the sale of a community asset, the Carefree Property. The notes Kellin signed documented a transaction in which he borrowed money and promised to repay it. Because the notes did not constitute a transaction for the acquisition, disposition or encumbrance of an interest in real property, and because he did not, by signing the notes, offer a guaranty, indemnity or suretyship, the protections of A.R.S. § 25-214(C) do not apply here. Therefore, we conclude the debt incurred by Kellin when he signed the promissory notes is enforceable against the community.

¶13 Having determined the debt is enforceable against the community, next we turn to the question of whether the superior court properly ruled that Banner may force the sale of the Carefree Property to apply the proceeds towards satisfaction of the judgment.

¶14 Kellin argues the superior court violated his due process rights by ruling transfers of the Carefree Property between Kellin, Wife, and SRK were fraudulent under A.R.S. §§ 44-1004(A)(1)-(2), and 44-1005. Constitutional challenges of due process violations are issues of law, which we review *de novo*. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999).

4

**¶15**		To satisfy the requirements under the Constitution, due process "at a minimum requires notice and an opportunity to be heard." *Wohlstrom v. Buchanan*, 180 Ariz. 389, 392 (1994) (citation omitted). A party must at least have "a chance to offer evidence and confront adverse witnesses." *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016). Kellin was afforded these rights before the superior court ruled finding the transfers fraudulent.

**¶16**		In Banner's original motion for an issuance of a writ of special execution, Banner argued the transfers of the Carefree Property between Kellin, Wife, and SRK were fraudulent. Kellin was served with the motion and chose not to respond to the specific allegation of fraudulent transfers under §§ 44-1004(A)(1)-(2), and 44-1005. Due process requirements were satisfied when Kellin was put on notice of Banner's claims and was given the opportunity to respond. *Wohlstrom*, 180 Ariz. at 392.

**¶17**		Kellin also argues the court's order finding the transfers fraudulent is defective because Banner did not follow the proper procedure to avoid the transfers set forth under A.R.S. § 44-1007(A)(1), by first applying for a writ of garnishment. Whether the statute requires that a creditor seeking to satisfy its claim must first apply for a writ of garnishment is a question of law. We review *de novo* a superior court's interpretation of a statute and its conclusions of law. *Milner v. Colonial Tr. Co.*, 198 Ariz. 24, 26 (App. 2000). When the language of a statute is clear and unambiguous, a court should not look beyond the language, but rather "simply 'apply it without using other means of construction,' assuming that the legislature has said what it means." *Hughes v. Jorgenson*, 203 Ariz. 71, 73, ¶ 11 (2002), *quoting UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, 330, ¶ 12 (2001).

**¶18**		Section 44-1007(A)(1)-(2) states,

> A. In an action for relief against a transfer or obligation under this article, a creditor, subject to the limitations in §§ 44-1008 and 44-1009, may obtain one or more of the following remedies:
>
> 1. Garnishment against the fraudulent transferee or the recipient of the fraudulent obligation, in accordance with the procedure prescribed by law in obtaining such remedy.
>
> 2. Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

¶19 The language "may obtain one or more of the following remedies" is unambiguous. The creditor may choose to pursue one or several of the enumerated remedies. Nothing within the statute suggests a creditor must apply for a writ of garnishment before it may avail itself of the remedy of avoidance of the transfer. The superior court did not specify the section of A.R.S. § 44-1007(A)(1) under which it ruled, but stated, "the Bank is entitled under §§ 44-1007 and 12-1635 **to avoid the transfers to the extent necessary** to allow the issuance [sic] a special writ of execution against SRK **for the foreclosure of the judgment lien heretofore recorded against the Carefree Property so that the Property may be sold and the proceeds applied to the Judgment**." (Emphasis added). Whether the superior court afforded Banner the option of any remedy under § 44-1007 or ruled under § 44-1007(A)(2), an interpretation strongly supported by the fact that the court's ruling references the sale of the Carefree Property in satisfaction of the judgment, the court's order declaring the transfers fraudulent is supported by the evidence in the record and the court's findings of fact that the various transfers of title between and among Kellin, Wife, and SRK without reasonable equivalent of value evidenced fraudulent intent. As such, we affirm.

## CONCLUSION

¶20 For the forgoing reasons, we affirm the superior court's ruling. Kellin's requests for fees and costs under A.R.S. §§ 12-341.01, -349, and -350 are denied. Pursuant to A.R.S. § 12-341.01, we award Banner its reasonable attorneys' fees and costs on appeal, subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA