IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DEPENDENCY AS TO G.R.

No. 1 CA-JV 22-0271
FILED 6-27-2023

Appeal from the Superior Court in Maricopa County
No. JD42120
The Honorable Gregory Como, Judge

**VACATED AND REMANDED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

**OPINION**

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which
Judge Michael J. Brown and Judge Michael S. Catlett joined.

**M c M U R D I E**, Judge:

¶1        Adrian P. appeals from the juvenile court's order adjudicating his alleged son, George,[1] dependent. We hold that the juvenile court erred by adjudicating George dependent as to Adrian without first determining parentage. We vacate the order and remand for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Adrian is George's alleged father.[2] George is 14. Adrian lives in Georgia. Adrian never established paternity of George, never sought custody of George, had not seen George in person for about four years, and had only sporadically spoken with him by phone.

¶3        The Department of Child Safety ("Department") received reports that George's mother left George and his two siblings with a friend for over two months and had not returned. After an investigation, the Department petitioned to adjudicate George and his two siblings dependent as to their mother and each of the children's alleged fathers. The Department alleged that Adrian was "unwilling or unable to provide proper and effective parental care and control due to abandonment" and "neglected to provide for [George's] basic needs." *See* A.R.S. § 8-201(15)(a)(i), (iii). The Department also petitioned to establish paternity of the children and asked the court to enter a paternity adjudication for any child whose paternity had not been established. *See* A.R.S. § 25-806.

¶4        Later, the court dismissed one alleged father when it determined he was not the father of George's sibling despite being identified as such. The alleged father of George's other sibling chose not to contest the dependency allegations. But Adrian contested the dependency allegations against him.

¶5        When Adrian and George's mother appeared at the contested dependency adjudication, Adrian's paternity was still unknown. Adrian

---

[1]     We use a pseudonym to protect the child's identity.

[2]     In the briefing, the parties alternatively use the term "alleged father" or "putative father." *See* A.R.S. § 8-106.01. For consistency, we use the term "alleged father."

asked the court to continue the hearing until the Department established paternity.

¶6        Adrian asserted that proceeding with the hearing would be unfair to him "if he is not even the established parent." The Department did not object to Adrian's continuance request. The Department apologized for failing to test for paternity but contended Adrian "has had opportunities to establish paternity prior to this case coming into being." The court asked whether there were any other potential fathers for George. Mother interjected and said, "[h]e's the only father" and "[t]here is no John Doe at all."

¶7        The court questioned exceeding the 90-day requirement for holding dependency adjudications. *See* Ariz. R.P. Juv. Ct. 338(b). The court ultimately found that the lack of paternity did not justify delaying the hearing and denied the request for a continuance.

¶8        Mother then chose not to contest the allegations against her, and the court found the three children dependent as to her.[3] The court committed the children "to the care, custody, and control of the Department." Then, the court proceeded with Adrian's dependency hearing.

¶9        A child welfare investigator testified and confirmed the Department had not scheduled a paternity test for Adrian and was unsure why the Department had not made the referral. Adrian testified he had never personally sought a paternity test before because he was "pretty confident" he was George's father.

¶10        After considering the evidence, the court found "that the allegations of the petition [were] true by a preponderance of the evidence" and that George was dependent as to Adrian. It reasoned that Adrian never established paternity, supported George, or developed a significant relationship with him. The court ordered the Department to offer Adrian paternity testing, drug testing, counseling, parenting classes, and case management. The court also ordered the Department to investigate Adrian's criminal record and arrange an assessment of his home in Georgia. The court adopted a case plan for family reunification. Adrian appealed.

---

[3]        Mother is not a party to this appeal.

## DISCUSSION

**A.    We Have Jurisdiction to Review Adrian's Appeal.**

**¶11**          Although neither party challenges this court's jurisdiction over the appeal, we have an independent duty to determine our jurisdiction. *Gish v. Greyson*, 253 Ariz. 437, 442, ¶ 19 (App. 2022). An order declaring a child dependent is a final, appealable order. *Jewel C. v. Dep't of Child Safety*, 244 Ariz. 347, 350, ¶ 8 (App. 2018). An aggrieved party may appeal from a final order of the juvenile court. A.R.S. § 8-235(A). "To qualify as an aggrieved party, the judgment must operate to deny the party some personal or property right or to impose a substantial burden on the party." *Jewel C.*, 244 Ariz. at 349, ¶ 3 (quoting *Pima County Juv. Action No. B-9385*, 138 Ariz. 291, 293 (1983)). A *parent* who contests his or her child's dependency adjudication is an aggrieved party. *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46, ¶ 12 (App. 2006).

**¶12**          A parent is "the child's biological, adoptive, or legal mother or father whose rights have not been terminated." Ariz. R.P. Juv. Ct. 102(v).[4] But "'[p]arent' does not include a person whose paternity has not been established pursuant to A.R.S. § 25-812 or § 25-814." *Id.*; *see also* A.R.S. § 25-401(4) (defining legal parent); A.R.S. § 25-812(A)(1) (Parties can establish paternity by filing a notarized or witnessed acknowledgment of paternity by both parents.); A.R.S. § 25-812(A)(2) (Parties can establish paternity by agreeing to be bound by genetic testing results.); A.R.S. § 25-814(A) (A man is presumed to be a child's father if the child was born within the marriage, genetic testing affirms paternity, he appears on the birth certificate, or the parties acknowledge paternity by a notarized or witnessed statement.).

**¶13**          Neither Adrian nor the Department established paternity before the dependency adjudication. Although Adrian was "pretty confident" he was George's father, and George's mother interjected, saying Adrian was the "only father," the record contains no sworn statements of both parties acknowledging paternity. *See* A.R.S. §§ 25-812(A)(1), 25-814(A)(4). Nor is Adrian presumed to be George's father. He was never married to George's mother, did not sign a notice of acknowledgment at the

---

[4]          For dependency proceedings, a parent "also includes a guardian appointed by the court under Title 8 or Title 14 and an Indian custodian." Ariz. R.P. Juv. Ct. 302(a). Neither party asserts Adrian is George's appointed guardian or an Indian custodian.

time of George's birth, was not listed on the birth certificate, and had not yet participated in genetic testing. *See* A.R.S. §§ 25-814(A), 25-812(A)(2). Thus, Adrian was not a parent at the contested dependency hearing. *See* Ariz. R.P. Juv. Ct. 102(v), 302(a).

**¶14** Before the Department filed the dependency petition, Adrian had no parental rights because he was not a legal parent. A.R.S. § 25-401(4); *see Pima County Juv. Severance Action No. S-114487*, 179 Ariz. 86, 96 (1994). When the court found George dependent as to Mother and committed him to the Department's custody, Adrian still had no custodial claim because he had not established paternity. *See Maricopa County Juv. Action No. JD-500200*, 163 Ariz. 457, 460 (App. 1989) (The alleged father could not seek custody of the child until he established paternity.). And when the court found George dependent as to Adrian, Adrian lost no custodial rights because none had been established.

**¶15** Even so, a dependency adjudication has independent consequences. As a prime example, the Department maintains a central registry of substantiated child abuse and neglect reports, including dependency findings. A.R.S. § 8-804(A). If the Department recorded the court's dependency finding in the central registry, Adrian could be disqualified "from obtaining or maintaining various licenses, certifications, or employment in working with children." *Phillip B. v. Ariz. Dep't of Child Safety*, 253 Ariz. 295, 296, ¶ 1 (App. 2022); *see generally* A.R.S. § 8-804.

**¶16** Because of the dependency adjudication, the court ordered the Department to investigate Adrian's record and arrange an assessment of his home. Despite Adrian's lack of paternity, the court still found George dependent as to him, thereby placing a "substantial burden" on Adrian. *See Jewel C.*, 244 Ariz. at 349, ¶ 3. Thus, Adrian is aggrieved by the adjudication, and we have jurisdiction to consider his appeal under A.R.S. § 8-235(A).

**B.** **The Juvenile Court Erred by Adjudicating George Dependent as to Adrian Before Establishing Adrian's Paternity.**

**¶17** Adrian argues the record contains no reasonable evidence to support the dependency finding. We review a dependency adjudication for abuse of discretion and will affirm a dependency finding unless no reasonable evidence supports it. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015).

**¶18** We review the juvenile court's interpretation of statutes and procedural rules *de novo. Louis C.*, 237 Ariz. at 488, ¶ 12. When we interpret a statute, we first review its text. *Chaparral Dev. v. RMED Int'l, Inc.*, 170 Ariz.

309, 311 (App. 1991). "If the language is plain and unambiguous, then no construction is necessary and our duty is simply to apply that plain and unambiguous language." *Id.*

**¶19** Relevant here, a child is dependent if he or she is "[i]n need of proper and effective parental care and control and who has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i). A child is also dependent if his or her home is unfit because of abuse or neglect "by a parent, a guardian or any other person having custody or care of the child." A.R.S. § 8-201(15)(a)(iii). The dependency petition must contain facts supporting a dependency finding. A.R.S. § 8-841(C)(3).

**¶20** The juvenile court determines "whether a child is dependent based upon the circumstances existing at the time of the adjudication hearing." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016). If the court finds that the allegations in the dependency petition are true by a preponderance of the evidence, it must make specified findings about each parent. A.R.S. § 8-844(C)(1)(a). Because the juvenile court considers only "circumstances existing at the time of the adjudication," we decline to consider paternity developments after the dependency adjudication. *See Shella H.*, 239 Ariz. at 50, ¶ 12. As noted above, the court had not established paternity before the dependency hearing.

**¶21** We prioritize juvenile court proceedings "except as otherwise provided by law." Ariz. R.P. Juv. Ct. 103(a). But the law provides paternity proceedings "have precedence over other civil proceedings." A.R.S. § 25-807(A). Thus, when the Department simultaneously petitions for dependency and paternity, a court should generally resolve the paternity issue first.[5] *See id.*; *see also Maricopa County Juv. Action No. JD-05401*, 173

---

[5] Even if no party seeks to establish paternity, the juvenile court may rule on paternity matters relevant to a dependency. *Albert L. v. Dep't of Child Safety*, 253 Ariz. 146, 148–49, ¶ 11 (App. 2022). After a preliminary protective hearing, if paternity has not been established, the court must order establishment through testing or a voluntary acknowledgement. Ariz. R.P. Juv. Ct. 332(e)(3). At the initial dependency hearing, the court revisits remaining paternity issues. *See* Ariz. R.P. Juv. Ct. 334(c)(2)(C). Again, at the end of the initial hearing, if paternity has not been established, the court must order that it be established. Ariz. R.P. Juv. Ct. 334(g)(2). And if an alleged father fails to comply, the Department may petition for termination. *See* A.R.S. § 8-533(B).

Ariz. 634, 641 (App. 1993) ("A juvenile court may determine issues under Title 25 that are properly before it if its jurisdiction has been properly invoked.").

¶22 Because paternity proceedings take precedence over other civil proceedings, we hold that in a dependency proceeding, the parties must address, and the court must resolve, relevant paternity issues before the court determines dependency. In this case, the court erred by finding George dependent as to Adrian because paternity was relevant to prove the allegations.

¶23 If paternity is *irrelevant* to the dependency petition, the court may proceed with a dependency adjudication before establishing paternity. For example, A.R.S. § 8-201(15)(a)(v) provides a child is dependent if the court finds he or she is "[i]ncompetent or not restorable to competency and who is alleged to have committed a serious offense as defined in § 13-706." So for an allegation under this section, a parental determination is not required before proceeding with the dependency. But here, the Department alleged Adrian was George's father, and each of the Department's dependency allegations against Adrian required a finding that Adrian was a parent, guardian, or custodian.

¶24 First, the Department alleged Adrian was "unwilling or unable to provide proper and effective parental care and control due to abandonment." "'Abandoned' means the failure of the *parent* to provide reasonable support and to maintain regular contact with the child, including providing normal supervision." A.R.S. § 8-201(1) (emphasis added). For the court to find that Adrian abandoned George, the court would need to find that Adrian was George's parent. *See id.*

¶25 Second, the Department alleged Adrian "neglected to provide for [George's] basic needs." The court can make a dependency finding due to neglect only as to "a parent, a guardian or any other person having custody or care of the child." *See* A.R.S. § 8-201(15)(a)(iii). Adrian did not have custody of George, and the court never appointed him as George's guardian. So the court could have found this allegation true only if Adrian were George's parent.

¶26 Based on the facts and allegations, the juvenile court lacked the evidence to adjudicate George dependent as to Adrian because it could not find that Adrian was George's parent. *See* A.R.S. § 8-844(C)(2) (If the court "[d]oes not find by a preponderance of the evidence that the

allegations contained in the petition are true, the court shall dismiss the petition.").

**¶27** The juvenile court acknowledged Adrian's lack of paternity but was concerned that continuing the hearing would place the matter outside the 90-day window for dependency hearings. Generally, a court must complete the dependency adjudication within 90 days after service. A.R.S. § 8-842(C); *see also* Ariz. R.P. Juv. Ct. 338(b)(1) ("The dependency adjudication hearing must be completed no later than 90 days after service of the dependency petition *on the parent*.") (emphasis added).

**¶28** When served with the petition, Adrian was not George's legal parent. A.R.S. § 25-401(4). Thus, for the allegations against Adrian, the clock for his hearing would not run until Adrian's paternity had been established.

**¶29** The juvenile court could have continued Adrian's dependency adjudication hearing without violating the 90-day requirement so long as it held the hearing within 90 days of establishing Adrian's paternity. Also, a court may extend the deadline by 30 days if "necessary for the full, fair, and proper presentation of evidence and the child's best interests would not be adversely affected." Ariz. R.P. Juv. Ct. 338(b)(2)(A); *see also* Ariz. R.P. Juv. Ct. 338(b)(2)(B) (The court may grant a continuance exceeding 30 days for extraordinary circumstances.). Finally, the parties can always waive the 90-day requirement. *See Joshua J. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 417, 423, ¶ 21 (App. 2012). And here, the Department did not object to Adrian's request for a continuance.

**¶30** As noted above, the court had options. But given the allegations in the petition, it could not enter a dependency finding against Adrian without first resolving the pending paternity issue. Thus, the court erred by proceeding with the dependency adjudication as to Adrian.

## CONCLUSION

¶31        We vacate the juvenile court's dependency order and remand for proceedings consistent with this opinion. If the court finds that Adrian is George's parent, it may proceed with a dependency adjudication, assuming compliance with other laws and procedures.

